UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **FREDDIE R. LEWIS** | **CIVIL ACTION NO. 3:09-cv-2026** |
| **LA. DOC #395306** | |
| **VS.** | **SECTION P** |
| **LOUISIANA DEPARTMENT** | **JUDGE ROBERT G. JAMES** |
| **OF PUBLIC SAFETY AND** | |
| **CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Freddie R. Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 30, 2009.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he is incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana. Plaintiff complains that inadequate staffing and administration of the WCC prison law library resulted in the denial of his right of access to the courts. Plaintiff sued the LDOC, its Secretary, WCC and its corporate owner, Corrections Corporation of America and Jack Garner, and WCC Warden Timothy Wilkinson;[2] in a Supplemental Complaint filed on February 18, 2010, plaintiff also sued Chaplain Randy Olliff accusing him of interfering with plaintiff's legal correspondence and of promulgating and/or enforcing rules which

---

[1] Plaintiff filed his original complaint [Doc. 1] in the United States District Court for the Middle District of Louisiana on November 30, 2009; since venue was inappropriate in that District, the complaint was transferred to this District. [Doc. 2] Plaintiff's application to proceed *in forma pauperis* was originally denied because it appeared that he had been sanctioned under the three strike provision of 28 U.S.C. §1915(g). [Doc. 4] Plaintiff appealed. It was ultimately determined that plaintiff accumulated his "strikes" during a period of time when he was not imprisoned and his complaint was remanded for further proceedings. [Doc. 20] On June 30, 2010 he was afforded *in forma pauperis* status. [Doc. 22]

[2] Plaintiff named the LDOC and WCC as defendants in the caption of his complaint; he identified the LDOC Secretary, Jack Garner and CCA, and Warden Wilkinson as the only defendants in the body of his complaint. [Doc. 1]

inhibited plaintiff's access to the law library. [Doc. 6]

Plaintiff requested non-specific injunctive relief in his original complaint [Doc. 1][3]; he included no specific request for relief in the supplemental complaint filed on February 18, 2010 [Doc. 6] On April 5 and again on April 23, 2010, plaintiff requested immediate injunctive relief. In the April 5 motion [Doc. 11] plaintiff asked the court to "forbid[ ] the arbitrary closing of the law library during scheduled law library hours for any reasons and or no reasons." [Doc. 11] In the latter motion, he asked the court to enjoin the defendants from "... opening the law library late; closing the law library early or selectively closing the law library in the evening hours and or any other schedule hours ... and the illegal reading of the pro se litigant's legal work by Mr. Olliff ... or any other CCA staff members and the imposition of the requirement for a written court deadline to receive additional time in the law library..." Plaintiff also requested an injunction directing the defendants to provide plaintiff with an "open ended" or unlimited pass to the law library. [Doc. 13]

This matter was referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and an order of the Court dated June 21, 2010. [Doc. 21] For the following reasons it is recommended that the complaint and requests for preliminary injunction and temporary restraining order be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

### *1. Original Complaint [Doc. 1]*

In his original complaint filed on November 30, 2009, plaintiff alleged the existence of a contractual relationship between CCA and the LDOC; he further alleged that LDOC's failure to

---

[3] See Doc. 1, ¶1, "Plaintiff seeks a preliminary injunction, a permanent injunction, fees and court costs and any other necessary and proper relief."

2

monitor CCA resulted in "... a violation of the pro se Plaintiff's Constitutional Rights..." More specifically, plaintiff alleged, "Winn Correctional Center, as the Agent of the Contractor (CCA) and the custodian of plaintiff, has randomly compromised the plaintiff's right to access to the courts, due to inadequate staffing and arbitrarily opening the law library late, closing early and in many instances not opening the law library at all." [Doc. 1, ¶IV(1)] According to plaintiff WCC is divided into four units with 352 inmates per unit. Each unit is allowed 12 hours per week to work in the prison law library. Inmates can only go to the law library when they are off duty, but due to the inadequate number of staff the Shift Supervisors shut down the law library rather than other evening programs.

Inmates who can demonstrate a court deadline to the Chaplain, Mr. Orliff, may obtain permission to access the law library on other dates and times. Inmates are prohibited from assisting each other with their legal work; however, the law library provides two inmate counsel who are authorized to assist their fellow inmates.

Plaintiff claims that he was denied his constitutional right of access to the Courts by this arbitrary and random series of policies and practices at the WCC Law Library. According to plaintiff, he was denied "... the trial court record, by the Second Circuit Court of Appeal (No. 43,769-KA) May 4th 2009 because the plaintiff was out-of-time." Plaintiff was also "denied the transcripts of the pretrial proceedings, supplemental discovery, and other pertinent documents, by the 26th Judicial District Court (No. 140815-817) May 11, 2009." According to plaintiff, he needed these documents "... to submit to the Supreme Court of the State of Louisiana to support his application of writ on direct appeal." This writ application was the last stage of the direct appeal process wherein plaintiff sought to overturn his unlawful conviction and illegal sentence.

Plaintiff claims that due to the fault of the defendants, he was "denied a rehearing on appeal

in the Second Circuit Court of Appeal (No. 43,769-KA) February 18, 2009." According to plaintiff, he "... was forced to submit his pro se application for rehearing, which was half finished and mailed on the last day of the procedural deadline." Plaintiff also claimed that his appeal "... in the Fifth Circuit [Court] of Appeals (No. 08-30904) was also denied as out-of-time..." because he was deprived of access to the law library.

Plaintiff also claimed that on August 29, 2008 he was illegally transferred from WCC to the United States Penitentiary at Pollock, Louisiana, as an "alleged storm victim" when in fact he was not a storm victim. According to plaintiff, it was this transfer which prohibited him from providing a timely notice of appeal when his petition for habeas corpus was denied in the case entitled *Lewis v. Bossier Parish Corrections*, No. 5:07-cv-1276 of this Court.

Plaintiff claimed that Chaplain Olliff contacted the United States District Court and discovered that contrary to plaintiff's assertion, there were no deadlines to be met by plaintiff in the case referenced in the preceding paragraph. Plaintiff complained that Olliff is not trained in the law and his policy of permitting extra library time only when inmates are faced with a deadline runs counter to WCC's posted policy.

Plaintiff claimed that he was unlawfully detained in lock down at USP Pollock until September 5, 2008, which resulted in the dismissal of his appeal before the Fifth Circuit under Docket Number 08-30904 as untimely.

Plaintiff claimed that a complaint filed in Louisiana's Nineteenth Judicial District Court was erroneously dismissed by that court as having been filed in a court of improper venue. (Plaintiff filed a civil action in the Louisiana Court complaining that he was being denied his right of access to the courts by virtue of WCC's law library policies and practices. On October 14, 2009, the

4

Commissioner of the Nineteenth Judicial District Court recommended dismissal of the civil action having determined that venue was improper. Plaintiff timely objected to that recommendation; however, the District Court adopted the recommendation and entered judgment dismissing the civil action on November 3, 2009.)

### 2. Supplemental Complaint [Doc. 6]

On February 18, 2010, plaintiff filed a supplemental complaint. He complained that Orliff "... insistently and continuously reads the legal mail of the plaintiff and others who request additional time in the law library." Plaintiff again complained that Orliff's policy which requires prisoners to establish a court ordered deadline in order to obtain extra library time, runs counter to posted policy.

### 3. Requests for Preliminary Injunction and Temporary Restraining Order [Docs. 11 and 13]

On April 5 and April 23, 2010, plaintiff requested immediate injunctive relief. In the April 5th motion [Doc. 11] plaintiff asked the court to "forbid[ ] the arbitrary closing of the law library during scheduled law library hours for any reasons and or no reasons." [Doc. 11] In the April 23rd motion, he asked the court to enjoin the defendants from "... opening the law library late; closing the law library early or selectively closing the law library in the evening hours and or any other schedule hours ... and the illegal reading of the pro se litigant's legal work by Mr. Olliff ... or any other CCA staff members and the imposition of the requirement for a written court deadline to receive additional time in the law library..." Plaintiff also requested an injunction directing the defendants to provide plaintiff with an "open ended" or unlimited pass to the law library. [Doc. 13]

### LAW AND ANALYSIS

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C.

§1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown)*

*Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint specifically details his theory of liability with respect to each named defendant.

*2. Access to Courts*

Plaintiff claims that the defendants have denied him access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). See *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Of course, prisoners possess no constitutionally-protected right to file frivolous lawsuits. See *Johnson v. Rodriguez*, 110 F.3d 299, 310-13 & 316 (5th Cir.1997), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

Plaintiff claims that the WCC's law library practices and policies have resulted in his being denied his right of access to the courts. However, plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. Indeed, such a claim by plaintiff would be absolutely ludicrous. The records of this court indicate that plaintiff was transferred to WCC

7

some time between July 8, 2008 and August 18, 2008. [See *Freddie R. Lewis v. Sheriffs Dept. Bossier Parish, et al.*, Civil Action No. 5:07-cv-0394 at Docs. 22, 23.[4]] Since that date plaintiff has filed the following pro se motions or pleadings:

(1) a "Petition for Extension of Time for Filing 'Pro Se Notice of Appeal' and 'Addendum'" on September 9, 2008 [Doc. 25];

(2) a pleading entitled "Addendum to Civil Action No. 5:07-cv-394-P" on September 16, 2008 [Doc. 26];

(3) "Pro Se Motion for Copy of Civil Docket and Show of 'Just Cause' for 'Undue Delay'" on January 20, 2009 [Doc. 27];

(4) a "Demand for Jury Trial" on May 4, 2009 [Doc. 29];

(5) a "Motion to Appoint Counsel" on June 11, 2009 [Doc. 30];

(6) a "Motion Reserving the Right to File Additional Motions" on June 29, 2009 [Doc. 32];

(7) an "Omnibus Motion" filed on the same date [Doc. 33];

(8) a "Request for Service of Summons" and proposed summons on July 17, 2009 [Doc. 36];

(9) "Motions for Subpoena Duces Tecum" on the same date [Docs. 37, 38, 39, and 40]

(10) a letter requesting case status report on September 8, 2009 [Doc. 41];

(11) a "Motion for Access to the Law Library" on October 16, 2009 [Doc. 42];

(12) a "Motion to Perpetuate Testimony" on November 12, 2009 [Doc. 43];

(13) a "Motion to Produce" on January 8, 2010 [Doc. 44];

(14) a "Motion for Show of Just Cause" on February 2, 2010 [Doc. 50];

---

[4] Doc. 22 was received and filed on July 8, 2008; the pleading indicated that plaintiff was incarcerated at the Forcht-Wade Corrections Center when mailed. Doc.23 was dated August 18, 2008 and indicated that plaintiff was incarcerated at WCC.

(15) a "Motion for Copies of Documents" and request for Docket Sheet on February 11, 2010 [Docs. 53 and 58];

(16) a "Motion for Return of Stricken Documents" on February 22, 2010 [Doc. 57];

(17) a motion styled, "Pro Se Show of Compliance" on March 1, 2010 [Doc. 60];

(18) an Objection to Report and Recommendation on March 9, 2010 [Doc. 62];

(19) a "Motion for Copies" on March 18, 2010 [Doc. 64];

(20) a "Notice of Appeal" on March 25, 2010 [Doc. 65]; and,

(21) a "Motion to Proceed In Forma Pauperis on Appeal" on April 7, 2010 [Doc. 67].

In addition, plaintiff filed and is currently litigating another civil action in this Court entitled *Freddie R. Lewis v. Secretary, Dept. of Public Safety and Corrections, et al.*, Civil Action No. 3:10-cv-0291. In that case he has managed to file:

(1) an Original Complaint on February 2, 2010 [Doc. 1];

(2) a Motion for Extension of Time on March 10, 2010 [Doc. 4];

(3) a Response in Opposition on March 16, 2010 [Doc. 6];

(4) a letter to Magistrate Judge Kirk on March 22, 2010 [Doc. 7];

(5) a Motion to Transfer Case on March 23, 2010 [Doc. 8];

(6) a Notice of Appeal on May 3, 2010 [Doc. 11]; and,

(7) a Motion to Proceed In Forma Pauperis on Appeal on May 12, 2010 [Doc. 13].

With regard to the instant civil rights complaint, the record demonstrates that plaintiff has filed:

(1) an original complaint on November 30, 2009 [Doc. 1];

(2) an Amended Complaint on February 18, 2010 [Doc. 6];

9

  (3) an Application to Proceed In Forma Pauperis on March 1, 2010 [Doc. 7];

  (4) a Motion for Extension of Time on March 10, 2010 [Doc. 8];

  (5) a Response on March 22, 2010 [Doc. 10];

  (6) a Motion for Temporary Restraining Order on April 5, 2010 [Doc. 11];

  (7)  a Motion for Injunction on April 23, 2010 [Doc. 13];

  (8) a Notice of Appeal on May 3, 2010 [Doc. 15]; and,

  (9) a Motion to Proceed In Forma Pauperis on Appeal on May 12, 2010 [Doc. 17].

In addition, since August 18, 2008, plaintiff has filed the following pleadings in appeals to the United States Fifth Circuit Court of Appeals. In *Lewis v. Wilkinson*, No. 08-30904, which appealed the judgment dismissing plaintiff's petition for *habeas corpus* in Civil Action Number 5:07-cv-1276, plaintiff filed his appeal and, when the appeal was dismissed, a Motion for Reconsideration on November 21, 2008.  In *Lewis v. Bossier Parish, et al.*, No. 10-30309, an appeal of Civil Action Number 5:07-cv-394, plaintiff filed a Brief in Support of his Appeal on Jue9, 2010. In *Lewis v. Dept. of Public Safety and Corrections*, Nos. 10-30437 and 10-30502, plaintiff appealed this Court's denial of plaintiff's application to proceed *in forma pauperis*, plaintiff was successful in his appeals filed on May 12, 2010 and June 2, 2010.

  In addition, the published jurisprudence of the State of Louisiana indicates that plaintiff filed a *pro se* Motion for Reconsideration to the Second Circuit Court of Appeals when his conviction and sentence were affirmed on direct appeal. See *State v. Lewis*, 43,769 (La. App. 12/10/2008), 1 So.3d 665, rehearing denied 2/19/2009.  He apparently also sought writs in the Louisiana Supreme Court and his writs were denied on January 29, 2010. *State ex rel. Freddie Ray Lewis v. State,* 2009-1223 (La. 1/29/2009), 25 So.3d 832; *State ex rel. Freddie Ray Lewis v. State*, 2009-1027 (La. 1/29/2010),

25 So.3d 827.

As shown above, the United States Supreme Court has not determined that a prisoner's right of access to the courts encompasses anything more than the ability of the inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). The records of the this court demonstrate that plaintiff, since he arrived at WCC in August 2008, has filed over 37 *pro se* pleadings in the three cases he is currently litigating in this Court and, in addition, he has litigated 3 appeals to the Fifth Circuit Court of Appeals. In short, plaintiff has not shown that the defendants herein have in any way denied him his right to prepare and transmit pleadings to the Courts.

Finally, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that:

"The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. The Court further held that this right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall

claims." *Id.*

Plaintiff offers nothing but conclusory statements to establish that his legal position as a litigant in <u>any</u> proceeding was <u>prejudiced</u> by the actions of the defendants. He offers the following examples to establish prejudice, however, as is shown more fully below, those claims are unsupported by fact or law.

The first instance of alleged prejudice occurred during the direct review of plaintiff's conviction. Plaintiff was afforded court-appointed appellate counsel and this attorney perfected his original appeal to the Louisiana Second Circuit Court of Appeals arguing claims of sufficiency of the evidence and excessiveness of sentence. Plaintiff also filed a pro se brief on appeal arguing five additional assignments of error, each of which was found, after brief discussion, to be without any merit. *State v. Lewis*, 43,769 (La. App. 2 Cir. 12/10/2008), 1 So.3d 665, at 671-73. Plaintiff argues that due to the deficiencies of the WCC law library "... he was forced to submit his pro se application for rehearing, which was half finished and mailed on the last day of the procedural deadline." Plaintiff, however, has not demonstrated that his inability to "finish" his application was due to the fault of the defendants, and, more importantly, he has not shown any likelihood that but for the fault of the defendants his application for rehearing would have been successful. The Court of Appeals rendered a unanimous decision and there is little likelihood that plaintiff would have persuaded the panel to change their minds with a more complete application for rehearing.

Next, plaintiff argues that his unlawful transfer to the United States Penitentiary in Pollock on August 29, 2008, resulted in the dismissal of his appeal of the denial of his application for habeas corpus before the United States Fifth Circuit Court of Appeals. This claim fails for three reasons. First, even if the unlawful transfer of plaintiff resulted in the loss of his appeal right, that prejudice

could not be attributed to the deficiencies of the WCC law library.

Second, plaintiff's transfer occurred at a point in time AFTER the delays for seeking an appeal had already lapsed and therefore did not contribute to the dismissal of his appeal. Indeed, the record demonstrates that Judge Stagg dismissed plaintiff's *habeas corpus* claim without prejudice on July 2, 2008. See *Lewis v. Bossier Parish Penal Farm*, Civil Action Number 5:07-cv-1276 at Doc. 24. The Fifth Circuit Court of Appeals determined that the final day for filing a timely notice of appeal was August 1, 2008. See *Lewis v. Warden Wilkinson*, No. 08-30904. Since plaintiff did not file his notice of appeal by that date, the Court dismissed the appeal as untimely. According to plaintiff, the offending transfer did not occur until August 29, 2008 and by that time his appeal rights had already lapsed. Clearly, plaintiff suffered no prejudice as a result of the allegedly unlawful transfer.

Third, even if plaintiff could establish that deficiencies in the WCC law library resulted in the forfeiture of his appeal, he could still not prevail. Plaintiff's *habeas* action attacked his conviction in the Twenty-Sixth Judicial District Court. The record clearly established that plaintiff had not exhausted available state court remedies before he filed that suit. Plaintiff clearly would not have prevailed even had his appeal been timely.

Plaintiff also implied that his civil action filed in Louisiana's Nineteenth Judicial District Court was dismissed in error. He did not, however, contend that this action was dismissed due to the claimed deficiencies associated with WCC's law library.

In short, plaintiff has not established that the alleged deficiencies in WCC's law library hindered his ability to prepare and transmit necessary legal documents to the courts. *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v.*

*Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Further, even if his right of access to the Courts was somehow impeded, plaintiff has demonstrated no prejudice resulting therefrom.

Finally, plaintiff has always and only sought prospective injunctive relief. Based on the WCC's practices and policies, which he disagrees with, plaintiff invites this Court to supervise the prison's law library. However, plaintiff has failed to establish that the practices and policies he complains of have or will deny him his constitutionally guaranteed right of access to the Courts.

Therefore, plaintiff's complaint, along with all requests for preliminary injunctive relief, should be dismissed as frivolous.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaints [Docs. 1 and 6] and his requests for a preliminary injunction and temporary restraining order [Docs. 11 and 13] be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

Case 3:09-cv-02026-RGJ-KLH Document 23 Filed 07/14/10 Page 15 of 15 PageID #: 116

**bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 14, 2010.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**